# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFRESH OF CALIFORNIA, LLC and MORGAN MURRAY,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>RODNEY K. WORREL and WORREL & WORREL,<br><br>　　　　　　　Defendants. | 1:13-cv-00213-AWI-GSA<br><br>ORDER DIRECTING PLAINTIFFS TO SHOW CAUSE WHY THIS COURT SHOULD NOT RECOMMEND TO THE DISTRICT COURT THAT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT BE DENIED, AND THE CASE DISMISSED, OR REMANDED TO STATE COURT, FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION<br><br>(Document 12) |

　　　Pending before the Court is a Motion for Default Judgment filed by Plaintiffs Califresh of California, LLC and Morgan Murray ("Plaintiffs"). (Doc. 12). Upon a review of Plaintiffs' moving papers, the Court notes that it lacks subject matter jurisdiction over this case. Plaintiffs are therefore ordered to show cause why this Court should not recommend to the District Court that the motion for default judgment be denied, and the case dismissed, or remanded to state court, for lack of federal subject matter jurisdiction.

## BACKGROUND

　　　On February 8, 2013, Plaintiffs filed a complaint against Defendants Rodney K. Worrel, attorney-at-law, and the law firm of Worrel & Worrel ("Defendants"). (Doc. 2). The complaint

asserts that this Court has jurisdiction based on 28 U.S.C. §§ 1331[1] and 1338(a).[2]

The complaint alleges a legal malpractice claim premised on the Defendants' failure to timely file a patent application regarding a technique for processing fresh green chick peas developed by Plaintiffs. The gravamen of this claim is that Defendants' failure to timely file the patent application resulted in Plaintiffs being permanently barred from patenting their invention under applicable federal patent laws, specifically 35 U.S.C. § 102.

In addition to the legal malpractice claim, the complaint alleges a claim of fraud and misrepresentation, based on false assurances by Defendants that Plaintiffs' patent application had been filed with, and was under review by, the United States Patent and Trademark Office, as well as regarding their expertise in patent law.

Finally, the complaint includes a demand for compensatory damages in the amount of $10,012,795.00, based on the lowered market value of Califresh of California, LLC, and lost profits, resulting from Plaintiffs' permanent inability to secure patent protection for their newly-developed processing technique.

On June 4, 2013, Plaintiffs filed the instant motion seeking a default judgment and damages in the amount of $10,000,000.00 against Defendants. (Doc. 12). The motion appears to seek a default judgment against Defendants solely on the basis of the legal malpractice claim alleged in the complaint.

**DISCUSSION**

In reviewing Plaintiffs' moving papers, the Court finds that it lacks subject matter jurisdiction over this case.[3] The question confronting the Court is whether the district court has jurisdiction under 28 U.S.C. § 1338(a), which confers original jurisdiction over "any civil action

---

[1] 28 U.S.C. § 1331 states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[2] 28 U.S.C. § 1338(a) states, in pertinent part: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents." §1338(a) further divests state courts of jurisdiction "over any claim for relief arising under any Act of Congress relating to patents."

[3] Since both Plaintiffs and Defendants are domiciled in California, diversity jurisdiction is not applicable in this matter. (Doc. 2, ¶¶ 2-4).

arising under any Act of Congress relating to patents."[4] 28 U.S.C. § 1338(a).

### A. The Applicable Jurisdictional Inquiry Under the Recent Supreme Court Case, *Gunn v. Minton*

A cause of action created by state law may "aris[e] under" federal patent law, within the meaning of 28 U.S.C. § 1338(a), if it involves a patent law issue that is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 133 S.Ct. 1059, 1065 (2013), citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (setting forth the above conjunctive, four-factor test for federal jurisdiction over state law claims, hereinafter "*Grable* test").[5]

In its recent decision in *Gunn v. Minton*, the Supreme Court made clear that "state legal malpractice claims based on underlying patent matters will rarely, if ever, arise under federal patent law for purposes of § 1338(a)." *Gunn*, 133 S.Ct. at 1065. In interpreting 28 U.S.C. § 1338(a), the Court focused on the third factor of the *Grable* test, which requires that, in order to trigger federal jurisdiction over a state law claim, the patent issue presented must be "substantial." The Court held that while specific malpractice claims may "necessarily raise disputed questions of patent law," those questions usually are "not substantial in the relevant sense." *Id.* at 1066. The Court explained that, with respect to the scope of § 1338(a), "the substantiality inquiry under *Grable* looks to the importance of the [patent] issue to the federal system as a whole," rather than to "the particular parties in the immediate suit." *Id.* The Court determined that patent issues implicated in malpractice actions generally do not have significant repercussions for the federal system as a whole. Consequently, these issues are not "substantial"

---

[4] 28 U.S.C. § 1331 is inapplicable to the instant matter, as it raises state law malpractice and fraud claims.

[5] The language of § 1338(a) parallels that of § 1331, which gives district courts original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. With respect to district courts' general "federal question jurisdiction" under § 1331, the Supreme Court has long held that state law claims may sometimes "aris[e] under" federal law for the purposes of district court jurisdiction. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312–14 (2005). In *Gunn*, the Supreme Court made clear that the same test applies whether the district court's potential jurisdiction is premised on § 1331 or § 1338. *Gunn*, 133 S.Ct. at 1064.

for purposes of the jurisdictional test articulated in *Grable* (and applied in *Gunn*).

In sum, the Court ruled that, "[a]lthough [malpractice] cases may necessarily raise disputed questions of patent law, those cases are by their nature unlikely to have the sort of significance for the federal system necessary to establish jurisdiction." *Id.* at 1065. The reason for this is that malpractice claims predicated on a patent issue usually require courts to resolve a hypothetical patent case within the malpractice case. In other words, the patent issue is not the real issue; rather, the patent law question entails only a backward-looking, hypothetical analysis as to what the underlying result would have been but for the malpractice at issue. Indeed, malpractice claims do not have any forward-looking consequences; they do not even change "the real-world result" that caused the claim to be filed in the first place. Finding the patent law issues implicated in the malpractice claim before it to be "hypothetical," "backward-looking," and lacking "broader effects," the Court concluded they were not sufficiently "substantial" to create federal jurisdiction. *Id.* at 1066–67, 1068. By extension, the Court clarified, there is "no reason to suppose that Congress—in establishing exclusive federal jurisdiction over patent cases—meant to bar from state courts state legal malpractice claims simply because they require resolution of a hypothetical patent issue."[6] *Id.* at 1068.

### B. Application of *Gunn v. Minton* to the Instant Case

Turning to the instant case, resolution of the Plaintiffs' malpractice claim typically would entail consideration of the hypothetical question whether Plaintiffs' patent application would have succeeded if Defendants had timely filed it. Furthermore, resolution of Plaintiffs' malpractice claim will not reverse "the real-world result" of Defendants' failure to file the patent

---

[6]The Supreme Court touched upon other reasons why it was appropriate for state courts to adjudicate state malpractice claims implicating patent issues. For instance, the Court brushed aside any concern that allowing state courts to resolve such cases would undermine the development of a uniform body of patent law, stating: "Congress assured such uniformity by vesting exclusive jurisdiction over actual patent cases in the federal district courts and exclusive appellate jurisdiction in the Federal Circuit." *Gunn*, 133 S.Ct. at 1067. The Court noted that in "resolving the nonhypothetical patent questions those cases present, the federal courts are of course not bound by state court case-within-a-case patent rulings." *Id.* The Court rejected the notion that federal courts' greater familiarity with patent law meant that legal malpractice cases involving patent issues belong in federal court. *Id.* at 1068. Finally, the Court noted that the fourth factor of the *Grable* test, which is concerned with appropriate federal-state balance, militates in favor of state courts adjudicating legal malpractice cases with underlying patent law issues, because of the "especially great" state interest in regulating the practice of law and maintaining standards of competence within the legal profession. *Id.*

application. These factors in turn suggest that resolution of Plaintiffs' claim by a state court does not portend any significant consequences for the federal system as a whole. Therefore, even if the allegations contained in Plaintiffs' complaint necessarily raise a question of patent law, under *Gunn* these patent law issues are not "substantial in the relevant sense." *Gunn*, 133 S.Ct. at 1066. With reference to the *Grable* test, the Court is thus inclined to conclude that Plaintiffs' malpractice claim cannot be determined to "aris[e] under federal law," within the meaning of 28 U.S.C. §1338(a). As a result, the Court lacks subject matter jurisdiction over this case.[7]

**ORDER**

Accordingly, Plaintiffs are ordered to show cause, in writing, by July 12, 2013, why this Court should not recommend to the District Court that Plaintiffs' Motion for Default Judgment be denied, and the matter dismissed, or remanded to state court, for lack of federal subject matter jurisdiction. Failure to respond to this Order to Show Cause will result in a recommendation that this action be dismissed in its entirety.[8]

IT IS SO ORDERED.

Dated:   **June 7, 2013**                    /s/ **Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE

---

[7] Plaintiffs complaint contains an ancillary fraud/misrepresentation claim, which is not addressed in the motion for default judgment. The *Gunn* analysis regarding the scope of federal jurisdiction over state law claims is clearly applicable to the fraud/misrepresentation claim as well. To the extent the fraud/misrepresentation claim implicates federal patent law, the Court is not inclined to find that the patent law issues are "substantial," such that the claim can be found to arise under federal law, thereby triggering the original jurisdiction of the District Court pursuant to 28 U.S.C. § 1338(a).

[8] As an alternative to responding to this Order to Show Cause, Plaintiffs may submit dispositional documents pursuant to Rule 41, Fed. R. Civ. P., voluntarily dismissing this action. Plaintiffs may also request the Court to remand the matter to the appropriate state court.